FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2006 SEP -8 A 10: 18

CLERK _S. Salvatorio_
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

TONY D. THOMPSON,  :
    Petitioner,  :  CIVIL ACTION NO.: CV503-036
vs.  :
HUGH SMITH, Warden,  :
    Respondent.  :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Tony Thompson ("Thompson"), an inmate at Georgia State Prison in Reidsville, Georgia, filed an action pursuant to 28 U.S.C. § 2254 contesting the validity of his conviction obtained in Ware County Superior Court. Respondent filed an Answer-Response. For the reasons which follow, Thompson's petition should be **DENIED**.

## STATEMENT OF THE CASE

Thompson was sentenced to life without parole after he pleaded guilty in the Superior Court of Ware County to robbery, burglary, two counts of malice murder, and possession of a firearm during the commission of a crime. Thompson did not file an appeal. Thompson filed a petition for habeas corpus in the Gwinnett County Superior Court and raised four (4) issues: 1) he was denied effective assistance of counsel; 2) his guilty plea was not knowingly and voluntarily entered; 3) he was prejudiced by pre-trial

AO 72A
(Rev. 8/82)

publicity; and 4) the trial court erred by denying his motion to withdraw his guilty plea. The state habeas court denied Thompson's petition. Thompson then filed a petition for writ of habeas corpus in this Court and raised the same issues as he did in his state habeas proceeding. Thompson filed a motion to amend his petition to add a claim that the trial court erred by denying him a competency hearing; the undersigned granted this motion. Thompson then filed a motion to voluntarily dismiss his petition so he could exhaust his claims in the state courts, and this Court granted Thompson's motion. Two (2) days later, Thompson filed a "Letter of Concern" asking this Court to review his claims to determine whether he properly exhausted his claims, and, if so, to not dismiss his petition. This letter was construed as a motion for reconsideration and denied. Thompson filed a second petition for writ of habeas corpus with the Tattnall County Superior Court; Thompson's petition was denied. Finally, Thompson filed his second petition for writ of habeas corpus in this Court, and the State moved to dismiss his petition as untimely filed. This Court granted the State's motion, finding that, contrary to Thompson's contentions, equitable tolling of the statute of limitations was unwarranted. Thompson filed an appeal. The Eleventh Circuit Court of Appeals reversed this Court's decision and remanded the case to this Court with instructions to apply equitable tolling. The undersigned will now address the merits of Thompson's petition.

## ENUMERATIONS OF ERROR

In the instant petition, Thompson asserts that:

I. He received ineffective assistance of counsel;

II. He was induced to enter a guilty plea;

III. He was prejudiced at his trial due to pre-trial publicity;

2

IV.   The trial court erred in denying his motion to withdraw his guilty plea; and

V.   He was improperly denied a mental competency hearing.

(Doc. No. 1.)

## STANDARD OF DETERMINATION

28 U.S.C. § 2254(d) sets forth the deference to be afforded to a State court's legal determinations:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). In reviewing a petitioner's habeas claim under section 2254(d)(1), a court should first determine the law that was "clearly established" by the United States Supreme Court at the time the State court adjudicated the petitioner's claim. Williams v. Taylor, 529 U.S. 362, 391, 120 S. Ct. 1495, 1512, 146 L. Ed. 2d 389 (2000). After determining the clearly established law, the reviewing court should next determine whether the State court's adjudication was "contrary to" clearly established Supreme Court case law or involved an unreasonable application of that clearly established Supreme Court law. Id. at 391, 120 S. Ct. at 1512. A state court's adjudication is contrary to clearly established Supreme Court case law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the State court decides a case differently

3

than [the Supreme] Court has on a set of materially indistinguishable facts." Id. at 413, 120 S. Ct. at 1523 (O'Connor, J., concurring). A State court's decision involves an unreasonable application of clearly established Supreme Court law if the "court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. A federal habeas court making the "unreasonable application" inquiry should ask whether the State court's application of clearly established federal law was objectively reasonable. Id. at 409, 120 S. Ct. at 1521.

## DISCUSSION AND CITATION OF AUTHORITY

I. **Thompson's Ineffective Assistance of Counsel Claims.**

Thompson asserts that his three (3) attorneys, Teddy Solomon, Terry Dillard, and Jimmy Boatright, failed to provide him with effective assistance of counsel during his criminal proceedings. Thompson contends that his attorneys did not: personally discuss his case with him and only wrote him letters; interview witnesses; investigate the case; explain any defenses or trial strategy; discuss with him the use of a stun belt in court; or review his military files. Thompson also contends that his attorneys labored under a conflict of interest (though he does not state what the conflict was). Thompson avers that, had it not been for his attorneys' ineffective assistance, he would not have pleaded guilty to the charged offenses and would have proceeded to trial.

A claim that a defendant did not receive effective assistance of counsel involves the right to counsel which guarantees not only assistance, but effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 2063, 80 L. Ed. 2d 674

4

AO 72A
(Rev. 8/82)

(1984). The standard governing ineffective assistance of counsel claims was set forth by the United States Supreme Court in <u>Strickland</u>, and the "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." <u>Strickland</u>, 466 at 686, 104 S. Ct. at 2064.

To be successful on an ineffective assistance of counsel claim, the defendant must satisfy a two-part test: (1) his counsel's performance was deficient, falling "below an objective standard of reasonableness"; and (2) the deficient performance prejudiced his defense so badly that there is a reasonable probability that it impacted the result. <u>Id.</u> at 687-88, 104 S. Ct. at 2064; <u>Quince v. Crosby</u>, 360 F.3d 1259, 1265 (11th Cir. 2004). When reviewing the level of performance provided by counsel, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" <u>Strickland</u>, 466 U.S. at 689, 104 S. Ct. at 2065.

The Honorable Gene Reeves, Jr., sitting by designation in the Gwinnett County Superior Court, conducted an evidentiary hearing to address the enumerations of error Thompson asserted in his first state habeas corpus petition. Judge Reeves determined that, after having questioned Thompson extensively concerning his ineffective assistance of counsel claims, Thompson could not articulate any specifics regarding his contentions that his trial counsel was ineffective. (Resp't's Ex. 2, p. 3.) Judge Reeves stated that he studied the transcripts for all of the proceedings and concluded that Thompson failed to satisfy his burden of proof on his claim that his counsel rendered ineffective assistance during the criminal proceedings. In the alternative, Judge Reeves concluded that a

detailed review of the transcripts in Thompson's criminal proceedings indicated that Thompson's counsel rendered "reasonably effective assistance." (Resp't's Ex. 2, p. 4.)

Based on a review of the record before this Court, the state habeas court's rejection of Thompson's claim that his counsel rendered ineffective assistance is not contrary to, or an unreasonable application of, Strickland. Thompson does not present any evidence for this Court to reach a contrary conclusion. This enumeration of error is without merit.

## II. Thompson's Assertion That his Guilty Plea was not Entered Into Voluntarily and Knowingly.

Thompson alleges that he entered his guilty plea involuntarily and unknowingly because he had three (3) attorneys representing him, which confused him. Thompson also alleges that he was not advised of the crimes he was charged with, the facts in support thereof, or the applicable law. Thompson further alleges that the trial court failed to comply with O.C.G.A. § 17-7-130 or hold a competency or sanity hearing. Thompson contends that his counsel failed to pursue anything regarding a mental health defense.

A guilty plea must be knowing and voluntary because it constitutes a waiver of the right to a jury trial, the right to confront one's accusers, and the right not to incriminate oneself. Boykin v. Alabama, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). The standard is whether the guilty plea "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31, 91 S. Ct. 160, 164, 27 L. Ed. 2d 162 (1970). Therefore, due process requires the Defendant to be actually informed of the charges against him and the possible penalties associated with such charges. Henderson v. Morgan, 426 U.S. 637, 645, 96 S. Ct. 2253, 2257-58, 49 L. Ed. 2d 108 (1976).

6

Judge Reeves stated that he carefully reviewed the transcript from Thompson's plea and the indictment. Based on his review of these documents, Judge Reeves concluded that Thompson was advised of his rights and was required to write "yes" or "no" next to a series of eighteen (18) questions. Judge Reeves noted that Thompson signed this document, which was quite specific. Judge Reeves also noted that the guilty plea transcript reflected the trial court's detailed questioning of Thompson regarding individual offenses, as well as going over the plea questions. (Resp't's Ex. 2, pp. 2-3.) Judge Reeves further noted that Thompson "answered the [trial c]ourt thoughtfully and indicated a complete understanding of the proceedings as well as his plea of guilty. [Thompson's] responses to the trial court [did] not indicate any misunderstandings." Id. Judge Reeves noted that Thompson understood what was being asked of him and responded appropriately and concluded that there was no evidence that his plea was not voluntary and/or not intelligently made.

An inspection of the documents Judge Reeves reviewed indicates that his decision that Thompson's guilty plea was not unconstitutionally obtained is not contrary to, or an unreasonable application of, Boykin. Thompson was advised of the rights he was waiving by pleading guilty. Thompson also expressed an understanding of the offenses he was charged with and the penalties attributable to those offenses. (Resp't's Ex. 4, pp. 69, 71, and 80-81.) Thompson is not entitled to relief on this issue.

AO 72A
(Rev. 8/82)

### III. Thompson's Claim That he was Prejudiced due to Pre-Trial Publicity.[1]

Thompson asserts that his attorneys failed to inform him of publicity his case received. Thompson contends that the trial judge and district attorney spoke at the Garden Club four (4) days prior to the date his trial was scheduled. Thompson also contends that his attorneys had a conflict of interest because they did not know the effect this pre-trial publicity had on his case and defense.

"[T]he Fourteenth Amendment's due process clause . . . safeguards a defendant's Sixth Amendment right to be tried by a panel of impartial, indifferent jurors." Henyard v. McDonough, ___ F.3d ___, 2006 WL 2328625, *22 (11th Cir. Aug. 21, 2006). "To establish that pretrial publicity prejudiced [a defendant] without an actual showing of prejudice in the jury box, he must show first that the pretrial publicity was sufficiently prejudicial and inflammatory and second that the prejudicial pretrial publicity saturated the community where the trial was being held." Spivey v. Head, 207 F.3d 1263, 1270 (11th Cir. 2000) (citing Rideau v. Louisiana, 373 U.S. 723, 83 S. Ct. 1417, 10 L. Ed.2d 663 (1963)).

Thompson raised this issue in his first state habeas corpus petition. (Resp't's Ex. 1, p. 4.) However, it does not appear that Judge Reeves' order denying Thompson's request for habeas relief discussed this issue. Nonetheless, there does not appear to be any evidence that, if there had been any pre-trial publicity, Thompson was prejudiced by this. Thompson pleaded guilty to five (5) counts of the indictment (Resp't's Ex. 4, p. 69), and any claim that he was denied his right to a fair and impartial jury is without merit. Moreover, by pleading guilty to these offenses, Thompson waived his right to collaterally

---

[1] It appears that Thompson asserts he should have been given a change in venue due to the alleged pre-trial publicity his case received.

8

attack his sentences and convictions in this regard. See United States v. Broce, 488 U.S. 563, 574, 109 S. Ct. 757, 765, 102 L. Ed. 2d 927 (1989). Accordingly, Thompson is not entitled to relief on this issue.

### IV. Thompson's Assertion That the Trial Court Erred by Denying his Motion to Withdraw his Guilty Plea[2]

Thompson asserts that he was not mentally competent to enter a guilty plea, a fact which his attorneys did not notice because they failed to review his records. Thompson also asserts that the trial judge erred by accepting his guilty plea without complying with O.C.G.A. § 17-7-130. Thompson contends that the trial judge conducted a hearing on his motion to withdraw his guilty plea outside of his presence. Thompson avers that he was not afforded the opportunity to present evidence of his mental illness or that his counsel was ineffective at the time he pleaded guilty.

Ware County Superior Court Judge Clarence D. Blount conducted a hearing on Thompson's pro se motion to withdraw his guilty plea. During this hearing, Judge Blount determined that there was "no issue as to whether . . . [Thompson] knowingly and intelligently entered the plea of guilty." (Resp't's Ex. 4, pp. 118-19.) In his order denying the motion, Judge Blount noted that, based on Uniform Superior Court Rule 33.12(B), the withdrawal of Thompson's plea was not necessary to correct a "manifest injustice." (Resp't's Ex. 4, p. 112.) This Superior Court rule appears to be an independent and adequate state law ground upon which to deny Thompson's motion to withdraw his guilty plea, and is adequate to support the state court's judgment. See Spivey v. Head, 207 F.3d

---

[2] In his petition, Thompson does not set forth many facts which indicate that he made a motion to withdraw his guilty plea. Instead, the facts set forth under this enumeration of error are more akin to Thompson's assertions that he was induced to plead guilty and that his counsel provided ineffective assistance.

9

1263, 1270 (11th Cir. 2000) (citing Coleman v. Thompson, 501 U.S. 722, 728, 111 S. Ct. 2546, 2554, 115 L. Ed. 2d 640 (1991)). In addition, as noted above, Judge Reeves' determination that Thompson's guilty plea was not unconstitutionally obtained is not contrary to, or an unreasonable application of, Boykin. Thompson is not entitled to his requested relief on this claim.

### V. Thompson's Assertion That he was Denied a Competency Hearing and the Assistance of a Mental Health Expert[3]

Thompson contends that he never received a mental health evaluation and was not seen by a licensed psychologist or psychiatrist, despite the trial judge's order to do so pursuant to O.C.G.A. § 17-7-130. Thompson alleges that his counsel failed to seek treatment for his mental illness before and during trial and failed to notify the court that the state failed to comply with O.C.G.A. § 17-7-130. Thompson also alleges that his counsel failed to review his files because, if they had, his counsel would have been aware that he was in need of mental health assistance. Thompson asserts that the State suppressed evidence submitted by Dr. D'Allesandro which indicated that he examined Thompson; Thompson contends that he was not aware of this "newly discovered" evidence at the time he wanted to withdraw his guilty plea. In addition, Thompson alleges that Dr. D'Allesandro is not a doctor but a counselor at a state hospital, despite the State's representation of him as a doctor. Thompson further alleges that the trial judge appointed a private doctor to examine him but this doctor could not assist him properly, as he examined Thompson for approximately one (1) hour.

---

[3] Thompson lists his contentions under this enumeration of error as Grounds 5 through 9 in his petition.

10

"When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that" he received ineffective assistance of counsel regarding his guilty plea. Tollett v. Henderson, 411 U.S. 258, 267, 93 S. Ct. 1602, 1608, 36 L. Ed. 2d 235 (1973); see also Broce, 488 U.S. at 574, 109 S. Ct. at 765.

Thompson presented this issue during his second state habeas proceeding. The Honorable A. Rahn, III, of the Tattnall County Superior Court noted that a review of the record reflected that the trial court judge appointed Dr. John Savino to evaluate Thompson and that Dr. Savino examined Thompson on five (5) occasions. Judge Rahn denied Thompson's requested relief as to this ground because the trial judge in fact authorized an independent medical evaluation, which was performed. (Resp't's Ex. B, p. 2.) Judge Rahn also denied Thompson's request for relief based on his "newly discovered" evidence allegation; Judge Rahn determined that the issue of the voluntariness of Thompson's plea was addressed during his first habeas proceeding. Judge Rahn also determined that, because Thompson entered into a valid guilty plea, he waived all challenges to the sufficiency of the evidence.

Thompson pleaded guilty to five (5) of the offenses he was charged with committing, and, for the most part, he waived his right to collaterally attack his conviction. To the extent Thompson could attack the entry of his guilty plea as being entered into as a result of ineffective assistance of counsel, this claim is without merit. The state habeas court's determination that Thompson did not receive ineffective assistance of counsel is not

contrary to, or an unreasonable application of, Strickland. The state habeas court's determination that Thompson entered his guilty plea knowingly and voluntarily is not contrary to, or an unreasonable application of, Boykin. Thompson is not entitled to his requested relief on this issue.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Thompson's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 8th day of September, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE